FILED
United States Court of Appeals
Tenth Circuit

August 8, 2016

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BENJAMIN SMITH,

    Defendant - Appellant.

No. 16-4025
(D.C. No. 2:13-CR-00776-DB-1)
(D. Utah)

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

---

In February 2015, Benjamin Smith pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), admitting that his crime involved at least 5 grams, but less than 20 grams, of actual methamphetamine. Based on his Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the district court imposed a 180-month prison sentence.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Under Rule 11(c)(1)(C), if the defendant and the government agree to a specific sentence in the plea agreement, "such a recommendation or request binds the court once the court accepts the plea agreement." Here, Smith pled guilty to the

After sentencing, a probation officer prepared Smith's Presentence Investigation Report (PSR) and calculated that Smith's base offense level was 24 and his total offense level was 23. When coupled with Smith's criminal history category of III, this offense level resulted in a recommended Guidelines range of 57 to 71 months in prison. *See* U.S.S.G. ch. 5, pt. A. But the probation officer also noted that Smith faced a statutory mandatory minimum sentence of ten years, resulting in a recommended Guidelines sentence of 120 months in prison. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable [G]uideline[s] range, the statutorily required minimum sentence shall be the [G]uideline[s] sentence.").

Smith later asked the court to appoint an attorney to assist him in filing a motion to reduce his sentence in light of Amendment 782 to the Guidelines, which reduced by two most of the base offense levels in the Guidelines' Drug Quantity Table. *See* U.S.S.G. app. C, amend. 782; *see also* 18 U.S.C. § 3582(c)(2) (permitting court to modify defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). The district court construed Smith's request as a motion to reduce his sentence, and denied that motion based on a finding that Smith was sentenced "pursuant to a Rule 11(c)(1)(C) agreement [that] did not rest on the applicable [G]uideline[s] range." R. vol. 1, 166;

---

§ 841(a)(1) charge and agreed to a 180-month prison sentence in exchange for the government dropping four other criminal counts, including a charge of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). In light of Smith's previous § 924(c) conviction, the new § 924(c) charge would have carried a mandatory minimum sentence of 25 years in prison. § 924(c)(1)(C)(i).

*see United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (explaining that a defendant may be eligible for a sentence reduction if his Rule 11(c)(1)(C) plea agreement "is based on a Guideline[s] sentencing range that is retroactively amended"). Proceeding pro se,[2] Smith appeals.

We review de novo the district court's conclusion that Smith isn't eligible for a sentence reduction, *see United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), and now affirm.

Smith insists that his plea agreement was—contrary to the district court's finding—based on a Guidelines sentencing range. In support, Smith explains that he had an oral agreement with the government that his sentence would be "based, in part, on" the Guidelines sentencing range of 57 to 71 months in prison. Aplt. Br. 2.

But even if we assume that Smith's plea agreement was based on this Guidelines range, he is nevertheless ineligible for a sentence reduction. Effective November 2014, Amendment 782 lowered the base offense level for at least 5 grams, but less than 20 grams, of actual methamphetamine from 26 to 24. *See* U.S.S.G. app. C, amend. 782. Here, the probation officer used this reduced base offense level when calculating Smith's Guidelines range of 57 to 71 months. *See* Supp. R. vol. 2, 5 (sealed) (calculating Smith's base offense level of 24 using "[t]he 2014 Guidelines Manual, incorporating all [G]uideline[s] amendments"); U.S.S.G. § 2D1.1(c)(8) (listing 24 as current base offense level for at least 5 grams, but less than 20 grams, of actual methamphetamine). Thus, even if we assume that Smith's Rule 11(c)(1)(C)

---

[2] We liberally construe Smith's pro se filings, but we won't act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

agreement was based on the Guidelines range of 57 to 71 months, that range hasn't "subsequently been lowered by" Amendment 782. 18 U.S.C. § 3582(c)(2). Accordingly, we agree with the government that Smith is ineligible for a sentence reduction. *See id.*; *United States v. Curtis*, 252 F. App'x 886, 887 (10th Cir. 2007) (unpublished) (explaining that because the relevant amendment "did not *subsequently* lower [defendant's] sentencing range, . . . the district court had no jurisdiction to consider a modification to his sentence under 18 U.S.C. § 3582(c)(2)").

Nevertheless, the district court should have dismissed—rather than denied—Smith's motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).[3] Accordingly, we vacate the district court's order denying Smith's motion and remand with directions to enter an order dismissing the motion for lack of jurisdiction. We also deny Smith's motion to proceed in forma pauperis and his motion for appointment of counsel.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] Although "it is settled in this circuit that a district court must dismiss a § 3582(c)(2) motion for lack of jurisdiction when a defendant is ineligible for a reduced sentence," other circuits take a different approach. *United States v. Moya-Breton*, No. 15-4185, 2016 WL 3435465, at *2 n.3 (10th Cir. June 21, 2016) (unpublished) (citing cases from the Seventh and Second Circuits concluding that defendant's ineligibility for relief under § 3582(c)(2) isn't a jurisdictional defect). Moreover, "in fairness to the district court, we note that the standard form for an order disposing of a § 3582(c)(2) motion—the AO 247—doesn't provide a check box for dismissal." *Id.*

Appellate Case: 16-4025     Document: 01019668613     Date Filed: 08/08/2016     Page: 1

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

August 08, 2016

Chris Wolpert
Chief Deputy Clerk

**RE:**     **16-4025, United States v. Smith**
Dist/Ag docket: 2:13-CR-00776-DB-1

Dear Counsel and Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

EAS/klp