IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>BENJAMIN SMITH,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE<br><br><br><br>Case No. 2:13-cr-776 DB |

This matter is before the court on Defendant Benjamin Smith's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(a).  (Dkt. 72.)  The motion has been fully briefed.  (Dkt. Nos. 74, 76.)  For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

In November 2013, Defendant was charged with (1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); (2) use and carrying of a firearm during and in relation to a drug trafficking crime in violation of § 924(c); (3) possession of a Controlled Substance in violation of § 844(a), (4) felon in possession of a firearm and ammunition in violation of § 922(g)(1); and (5) illegal drug user and addict in possession of a

1

firearm and ammunition in violation of § 922(g)(3).

In February 2015, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, the Defendant pled guilty to the § 841(a)(1) charge and agreed to a 180-month (15 year) prison sentence in exchange for the government dropping the four other criminal counts.

Defendant is 42 years old and currently incarcerated at FCI Terminal Island.  As of the date of his motion, Defendant has served approximately 6 ½ years of his 15-year sentence with an approximate release date of January 4, 2027.  (Dkt. 74 at 2.)  Defendant claims that he sent the Warden at Terminal Island a request for compassionate release on March 27 and April 16 of 2020 but never received any response.  (Dkt. 72 at 2.)  In May 2020, Defendant filed the present motion pursuant to 18 U.S.C. § 3582 (c)(1)(A), asking for a "compassionate release" sentence reduction based on the threat posed by the COVID-19 pandemic.  (Dkt. 72 at 2.)  Defendant seeks to be released to live with his family "where [his] health and safety will be taken care of." (*Id.*)

The government opposes Defendant's motion on the following grounds: (1) that Defendant has failed to exhaust his administrative remedies; (2) that Defendant has failed to demonstrate extraordinary and compelling reasons sufficient to warrant a sentence reduction under § 3582; (3) that Defendant continues to pose a danger to the public; and (4) that the statutory sentencing factors do not weigh in favor of Defendant's release.  (Dkt. 74 at 3, 17, 20-21.)

## DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence

2

only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. §3582(c), often referred to as the compassionate release statute, permits a court to modify a term of imprisonment but only under certain conditions.  Previously, this required the Bureau of Prisons (BOP) to bring a motion on a defendant's behalf.  However, in 2018 the compassionate release statute was amended by The First Step Act. Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."  *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan. July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Exhaustion

Defendant claims that he filed compassionate release requests with the Warden at Terminal Island on March 27, 2020, and again on April 16, 2020, and that the Warden never responded.  (Dkt. 72 at 2.)  The government claims, however, that Terminal Island has no record of Defendant's administrative filings, and therefore Defendant has failed to satisfy the exhaustion requirement.  In response, Defendant argues that "[j]ust because the BOP can't find his request does not mean [Defendant] didn't submit one.  And the plain text of the statute only requires a person to submit a request, not the BOP to find it for later litigation."  (Dkt. 76 at 2.)

The Court need not address the exhaustion requirement in this case because even assuming Defendant satisfied the exhaustion requirement, as discussed below, his motion fails

3

on the merits.

<u>Compassionate Release</u>

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in Section 3553(a) to the extent they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in U.S.S.G. § 1B1.13.[1]  *United States v. Vashawn*, Slip Copy, 2020 WL 4219789, *3 (D. Kan. July 23, 2020). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," and (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement."  *Id.*

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth" in subdivisions (A) through (D).  Subdivision (A) provides that the medical condition of a prisoner may qualify for compassionate release if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover.  U.S.S.G. § 1B1.13 application note 1(A).  Subdivisions (B) and (C)

---

[1] The Sentencing Commission's applicable policy statement, USSG § 1B1.13, predates the First Step Act and "has not been updated to reflect the statutory amendment; in fact the statement's application notes still require a motion by the BOP."  *United States v. Jackson*, 2020 WL 2812764, *3 (D. Kan. May 29, 2020).

apply to age and family circumstances not invoked here.  Subdivision (D) supplies a "catchall" provision which provides that compassionate release may be warranted for "an extraordinary and compelling reason other than, or in combination with, the reasons described in" the other subdivisions.  U.S.S.G. § 1B1.13 application note 1(D).[2]

It is Defendant's burden to establish that a "compassionate release" is warranted under the statute.  *United States v. Wesley*, 2020 WL 3868901, *1 (D. Kan. July 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).  A court exercises its discretion in ruling on such a motion.  *Wesley*, 2020 WL 3868901, at *1 (citing *United States v. Piper*, 839 F.3d. 1361, 1265 (10th Cir. 2016)).

Defendant maintains that he suffers from serious health conditions, including gastro-intestinal ailments, chronic esophageal reflex, and a herniated disc, which put him at an

---

[2] Some courts have ruled, based on the express wording of application note 1(D) to § 1B1.13, that only the BOP may invoke the "catchall" provision of subdivision (D).  *See Jackson*, 2020 WL 2812764, at *3 (citing cases).  The "overwhelming majority of courts," however, have rejected this approach, finding "[i]t would undermine the change made by Congress in the [First Step Act]."  *Id.* (assuming, for purposes of deciding compassionate release motion, that a court is not limited to circumstances set forth in subdivisions (A) through (C)).  Instead, they have concluded that although the old policy statement provides helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction."  *United States v. Younger*, 2020 WL 3429490, *5 (D. Kan. June 23, 2020); *see also United States v. Pullen*, 2020 WL 4049899, *3 & n.28 (D. Kan. July 20, 2020) ("In accordance with the weight of authority, the Court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute"); *United States v. O'Bryan*, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) ("In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence – and may do so under the 'catch all' provision.").

increased risk during the COVID-19 pandemic.  Additionally, Defendant was diagnosed with

COVID-19 in early May, 2020, and although he has recovered, Defendant asserts that he remains

in serious danger given the potential for relapse or reinfection.  (Dkt. 76 at 5-6.)

The government, in opposition, asserts that the BOP has undertaken numerous measures

to mitigate the risks of COVID-19 transmission in BOP institutions, and the mere existence of

the COVID-19 pandemic, which poses a threat to every non-immune person in the country, does

not alone "provide a basis for a sentence reduction."  (Dkt. 74 at 18 (citing cases).)  While

acknowledging that if an inmate has a chronic medical condition that has been identified by the

Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming

seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and

compelling reasons," the government points out that none of Defendant's conditions meet the

CDC risk factors.  (*Id.* at 20.)  And finally, the government asserts that even if Defendant could

demonstrate "extraordinary and compelling" reasons, a sentence reduction would not be

warranted because Defendant remains a danger to the community and the § 3553(a) sentencing

factors "disfavor" a sentence reduction in this case.  (*Id.* at 20-21.)

The Court agrees and finds that Defendant has failed to establish that "extraordinary and

compelling reasons" support a reduction in his sentence.  At age 42 , Defendant is below the age

risk factor outlined by the CDC.  *People at Increased Risk of Severe Illness*, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html

(last visited August 24, 2020).  Although Defendant suffers from gastro-intestinal ailments,

chronic esophageal reflex, and back problem resulting from herniated discs, none of these

conditions are listed among those cited by the CDC as involving some increased risk of complications from COVID-19 infection. *Id.*; *see United States v.* Wesley, 2020 WL 3868901, at * 2 (D. Kan. July 9, 2020) (noting that Defendant's condition was not among conditions cited by CDC as involving some increased risk for complications from COVID-19 infection); *see also United States v. Reece*, 2020 WL 3960436 at *5 (D. Kan. July 13, 2020) (consulting CDC list of conditions that may increase an individual's risk of severe illness from COVID-19).  And, although Defendant tested positive for COVID-19 in early May, Defendant's medical records indicate that, despite Defendant's underlying medical issues and the living conditions at FCI Terminal Island, Defendant has recovered from the virus, and Defendant has not produced any evidence to suggest that he experienced any serious deleterious effects from being infected with COVID-19.

Defendant's argument regarding the potential "danger of reinfection or relapse, together with the known and unknown threat to his health that poses," is likewise unavailing.  "Of course, it is not yet known whether having been infected with the COVID-19 virus confers immunity from reinfection, although there is some evidence suggesting recovered individuals may have at least temporary immunity."  *United States v. Billings*, Slip Copy, 2020 WL 4705285, *5 (D. Colo. Aug. 13, 2020).  "At this point, however, the possibility of reinfection, if not impossible, is strictly hypothetical.  That uncertainty militates against an entitlement to compassionate release." *Id.* (citing *United States v. Entz*, 2020 WL 3542862 at *3 (W.D. Wash. June 30, 2020)). "Indeed, in other cases where inmates have recovered from COVID without lingering symptoms, courts have found the theoretical risk of reinfection does not present a compelling reason

warranting compassionate release." *Id.*; *see, e.g., United States v. Stout*, 2020 WL 4437464 at

*2-4 (C.D. Ill. Aug. 3 2020); *United States v. Buford*, 2020 WL 4040705 at *5-6 (E.D. Mich July

17, 2020); *United States v. Reece*, 2020 WL 3960346 at *6 & n.4 (D. Kan. July 13, 2020)

(summarizing current medical research).  Although some courts have found compelling

circumstances where a defendant suffering from other comorbidities already had been infected

with COVID, those decisions appear to have been prompted more by concern that the facility

was unable to address the defendant's other medical issues adequately.  *Billings*, 2020 WL

4705285 at *5 (D. Colo. Aug. 13, 2020) (citing cases).  There is nothing in the record to suggest

that Terminal Island is unable to address Defendant's current medical conditions.

However, even if the Court were to find "extraordinary and compelling reasons," the

Court would nonetheless deny Defendant's motion because the applicable § 3553(a) factors do

not warrant an exercise of discretion to reduce Defendant's sentence in this case.[3]  Defendant's

offense was serious.  He was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, in which

the parties carefully considered the particular facts of this case.  Defendant pled guilty to the §

841(a)(1) charge and agreed to a 180-month prison sentence in exchange for the government

dropping four other criminal counts, including a charge of using and carrying a firearm during a

---

[3] Pursuant to 18 U.S.C. § 3553(a), in determining in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense the promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

drug trafficking crime in violation of 18 U.S.C. § 924(c).  In light of Defendant's previous §

942(c) conviction, the new § 924(c) charge would have carried a mandatory minimum sentence

of 25 years in prison. § 924(c)(1)(C)(i).  (Dkt. 70 at 1 n.1.)  Given the circumstances in this case,

reducing Defendant's sentence (of which he has served less than half) would fail to reflect the

seriousness of the offense, promote respect for the law, provide just punishment, or deter similar

criminal conduct by him or others similarly situated or inclined.

## **CONCLUSION**

For the forgoing reasons, Defendant's motion for sentence reduction under §

3582(c)(1)(A) is DENIED.

DATED this 31st day of August, 2020.

_____
Dee Benson
United States District Judge