IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BENJAMIN SMITH,<br><br>Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:13-cr-00776<br><br>Judge Clark Waddoups |

## INTRODUCTION

This matter is before the court on Defendant Benjamin Smith's pro se Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), otherwise known as a motion for compassionate release. (ECF No. 80.) On February 10, 2015, the court entered a judgment against Mr. Smith that imposed a 180-month term of imprisonment. (ECF No. 50.) Mr. Smith's projected release date, with applicable credits, is January 4, 2027. (*See* Resp. to Mot. for Compassionate Release at 5, ECF No. 93.) He now seeks release on the ground that he is suffering serious medical conditions that were the result of, or made worse by, his prior contraction of COVID-19 and that he is now at higher risk if he contracts COVID-19 again. (*See* Mot. for Compassionate Release at 5, ECF No. 5.) For the reasons stated below, the court denies Mr. Smith's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2013, Mr. Smith was stopped by law enforcement for a traffic violation. (Statement in Advance of Plea at 3, ECF No. 48.) During the stop, he informed law enforcement

that there was a gun and drugs in the car. (*Id.*) A subsequent search of the vehicle revealed that Mr. Smith was in possession of methamphetamine, marijuana, and other drug paraphernalia. (*Id.*) Mr. Smith has admitted that he possessed at least 5 grams, but less than 20 grams, of methamphetamine with the intent to distribute it to others. (*Id.*) He has also admitted that he possessed approximately 6.6 grams of marijuana. (*Id.*) Prior to his arrest in this case, Mr. Smith had previously been convicted of a prior felony drug offense. (*Id.*)

On November 20, 2013, Mr. Smith was charged under a five-count indictment based on the events that occurred in August 2013. (Indictment, ECF No. 1.) On February 10, 2015, Mr. Smith pled guilty to one count of possessing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) in exchange for the Government's agreement to move for dismissal of the other four counts of the indictment. (Statement in Advance of Plea at 5, ECF No. 48.) As part of his plea agreement, Mr. Smith stipulated to a sentence of 180-months in prison pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.*) The court accepted Mr. Smith's plea agreement and sentenced him to 180-months imprisonment. (Judgment, ECF No. 50.)

On December 17, 2015, Mr. Smith filed a pro se motion with the court seeking appointment of counsel to assist him with a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's ("Sentencing Commission") decision to retroactively reduce the sentencing guideline range for drug-related offenses pursuant to the Sentencing Commission's Amendment 782. (ECF No. 56.) The court construed Mr. Smith's motion to appoint counsel as a motion for a sentence reduction under Section 3582(c)(2) and denied the motion on the grounds that Mr. Smith's sentence was entered "pursuant to a Rule

11(c)(1)(C) agreement [that] did not rest on the applicable [G]uideline[s] range." (ECF No. 57.)

Mr. Smith appealed the court's denial of a sentence reduction based on the Sentencing Commission's guideline amendments. (Notice of Appeal, ECF No. 59.) On appeal, the Tenth Circuit agreed with the court's reason for denying Mr. Smith's request for a sentence reduction, but reversed the court's order of denial, holding that Mr. Smith's motion should have instead been dismissed for lack of jurisdiction. (ECF No. 70.) The court subsequently dismissed Mr. Smith's motion for a sentence reduction for lack of jurisdiction. (ECF No. 69.)

On May 5, 2020, Mr. Smith filed a second motion to reduce his sentence, seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 72.) The grounds for Mr. Smith's May 2020 motion were that he suffered "from serious health conditions, including gastro-intestinal ailments, chronic esophageal reflex, and a herniated disc, which put him at an increased risk during the COVID-19 pandemic." (*See* Mem. Dec. and Order Denying Mot. to Reduce Sentence at 5-6, ECF No. 78.) Mr. Smith also argued that he was diagnosed with COVID-19 in May 2020 and, although he recovered, he remained "in serious danger given the potential for relapse or reinfection." (*Id*. at 6.)

On August 31, 2020, the court denied Mr. Smith's May 2020 motion for compassionate release, concluding that Mr. Smith had failed to establish that extraordinary and compelling reasons supported a reduction in his sentence. (*Id*. at 6.) The court found that, at age 42, Mr. Smith was "below the age risk factor outlined by the CDC." (*Id*.) Moreover, the court found that "although Defendant suffers from gastro-intestinal ailments, chronic esophageal reflex, and back problem[s] resulting from herniated discs, none of these conditions are listed among those cited by the CDC as involving some increased risk of complications from COVID-19 infection." (*Id*.)

The court also found that "although Defendant tested positive for COVID-19 in early May, Defendant's medical records indicate that, despite Defendant's underlying medical issues and the living conditions at FCI Terminal Island, Defendant has recovered from the virus, and Defendant has not produced any evidence to suggest that he experienced any serious deleterious effects from being infected with COVID-19." (*Id*. at 7.)

The court also rejected Mr. Smith's argument that the potential "danger of reinfection or relapse, together with the known and unknown threat to his health that poses," gave rise to extraordinary and compelling reasons for compassionate release. (*Id*.) The court found, based on the information that was available at the time, that there was some evidence that individuals that had recovered from a COVID-19 infection may have at least temporary immunity and that the possibility of reinfection was strictly hypothetical. (*Id*.) The court also found that there was nothing in the record that would suggest that the place where he was incarcerate—FCI Terminal Island—was unable to address Mr. Smith's current medical conditions. (*Id.* at 8.)

The court also concluded that, even had Mr. Smith shown extraordinary and compelling reasons to reduce his sentence, it would still deny Mr. Smith's motion "because the applicable § 3553(a) factors do not warrant an exercise of discretion to reduce [Mr. Smith's] sentence in this case." (*Id*.) The court noted that Mr. Smith's 180-month sentence was entered pursuant to a Rule 11(c)(1)(C) agreement, which was reached after careful consideration of the facts of the case, including the fact that the agreement included the Government dismissing four other criminal counts, including a violation of 18 U.S.C. § 924(c) that would have subjected Mr. Smith to a mandatory minimum sentence of 25 years in prison if convicted. (*Id*. at 7-8.) Given these facts, the court concluded that reducing Mr. Smith's sentence would "fail to reflect the seriousness of the

offense, promote respect for the law, provide just punishment, or deter similar criminal conduct by [Mr. Smith] or others similarly situated or inclined." (*Id*. at 8.)

On May 5, 2021, Mr. Smith submitted another request for compassionate release to his warden. (ECF No. 93-3 at 652.) That request was denied on May 28, 2021. (ECF No. 939-3 at 654.) Mr. Smith subsequently filed the current motion on June 14, 2021, which is his third motion for a sentence reduction in this case and second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(C). (ECF No. 80.)

Like his May 2020 request, Mr. Smith's current request for compassionate release is based on circumstances relating to the COVID-19 pandemic. Mr. Smith claims that, as a result of his contraction of COVID-19 in 2020, he has experienced a number of health problems, such as developing several gastrointestinal conditions, including an E. Coli infection, C. Diff. infection, H. Pylori Colitis, and a lifetime diagnosis of Ulcerative Colitis. (ECF No. 80 at 5.) He also claims that he was hospitalized for 8 days because his prison's medical staff kept pushing off treatment of his medical conditions. (*Id*.) Mr. Smith also claims that he has several conditions that increase his risk of complications should he contract COVID-19 again, including high blood pressure (for which he is taking medication), hypothyroidism, high cholesterol, obesity, gluten intolerance, and a generally weakened immune system. (*Id*.)

Mr. Smith's proposed release plan indicates that, if released, he intends to live with his adult daughter and his daughter's grandfather. (ECF No. 80-1.) The plan indicates that while Mr. Smith does not yet have a job secured, he believes he can obtain one at Goodyear Tire. (*Id*.) It also indicates that he will receive support from his mother and brother to assist with his medical needs, and that his mother and daughter will be able to provide him transportation to medical

appointments until he can obtain his drivers license again. (*Id.*)

## ANALYSIS

### I.     MR. SMITH'S MOTION IS PROCEDURALLY PROPER

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) "to allow defendants to seek relief under the statute on their own, rather than depending on the Director of the BOP." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). A defendant may file such a motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days after the warden . . . received [the defendant's] request that the warden make a motion on [the defendant's] behalf, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

There is no dispute that Mr. Smith filed a request for a reduction in his sentence with the warden of FCI Terminal Island, where he is imprisoned, on May 5, 2021. (ECF No. 93-3 at p. 652.) The warden formally denied Mr. Smith's request on May 28, 2021. (ECF No. 93-3 at p. 654.) Thereafter, Mr. Smith filed his current motion for compassionate relief on June 14, 2020. (*See* ECF No. 80.) Accordingly, Mr. Smith satisfied the exhaustion requirements set forth in Section 3582(c)(1)(A) before filing the current motion and the motion, therefore, is procedurally proper.

### II.    THREE STEP TEST

The First Step Act grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons" upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A)(i) provides:

>      (1)    In any case—
>
>             (A)    the court . . . may reduce the term of imprisonment
>                    (and may impose a term of probation or supervised

>   release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i)   extraordinary and compelling reasons warrant such a reduction;
>   . . . .
>
>   and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* Thus, the statutory requirements for sentence reduction are that the court (1) find extraordinary and compelling reasons for the reduction, (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a), and (3) ensure that any reduction is consistent with applicable Sentencing Commission policy statements. *Hald*, 8 F.4th at 937 (holding that the "plain language of [§ 3582(c)(1)] creates a 'three-step test'") (citation omitted). The Tenth Circuit has reaffirmed that a "district court may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (quotations and citations omitted). Granting such a motion, however, requires a district court to "address all three steps." *Id.* (quotations and citation omitted).

    **A.**    **Extraordinary and Compelling Reasons**

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the Sentencing Commission has defined the phrase "to include serious medical conditions and the age of the defendant." *United States v. Deucher*, No. 2:16-CR-00189-DN, 2021 WL 1264566, at *2 (D. Utah Apr. 6, 2021). While not binding, the Sentencing Commission policy statement provides helpful considerations for determining whether Mr. Smith's circumstances constitute an

7

"extraordinary and compelling reason" for release. The Sentencing Commission policy statement provides that "extraordinary and compelling reasons" exist for medical conditions when: (i) the defendant is suffering from a terminal illness, or (ii) the defendant is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminished the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, Commentary Application Notes § 1(A).

While the court recognizes that Mr. Smith has certain medical conditions that may increase his risk of severe illness if he should contract COVID-19 again, the court finds that Mr. Smith has failed to demonstrate that extraordinary and compelling reasons exist that would justify a modification of his sentence under Section 3582(c)(1)(A).

Mr. Smith claims he has several medical conditions that increase his risk of severe illness should he contract COVID-19 again. (*See* ECF No. 80 at 5.) Several of these conditions, however, have not been identified by the CDC as conditions that increase the risk of serious illness from COVID-19, including Mr. Smith's hypothyroidism, high cholesterol, gluten intolerance, and gastrointestinal conditions. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/peoplewith-medical-conditions.html (Updated May 2, 2022). Thus, these conditions do not support Mr. Smith's claim that he is subject to an increased risk of serious illness should he contract COVID-19 again.

Mr. Smith has identified, however, two of his health conditions that the CDC has identified

as at least, potentially, increasing the risk of serious illness from COVID-19—high blood pressure and obesity. *Id*.

With respect to high blood pressure (or hypertension), the CDC has recognized that the evidence regarding whether high blood pressure increases the risk of severe illness from COVID-19 is inconclusive. *See* Center for Disease Control, *Science Brief: Evidence Used to Update the List of Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/underlying-evidence-table.html (updated Feb. 15, 2022). Mr. Smith has not submitted any evidence beyond the CDC's guidance to demonstrate that his high blood pressure puts him at higher risk of severe illness from COVID-19. Moreover, Mr. Smith's medical records show that Mr. Smith is taking medication that has stabilized his blood pressure. (*See* ECF No. 93-3 at 291.) Because there is no conclusive evidence that Mr. Smith's high blood pressure puts him at greater risk of developing serious illness from COVID-19, Mr. Smith's high blood pressure condition cannot be a basis for finding that extraordinary and compelling reasons justify reducing Mr. Smith's sentence.

With respect to Mr. Smith's obesity, on the other hand, the CDC has stated that obesity "can make you more likely to get very sick from COVID-19." *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/peoplewith-medical-conditions.html (Updated May 2, 2022). The CDC also indicates, however, that "[t]he risk of severe illness from COVID-19 increases sharply with higher [body mass index (BMI)]." *Id*. Mr. Smith's medical records show that Mr. Smith has a BMI of 30, (*E.g.*, ECF No. 93-3 at 376), which is the minimum requirement for being classified as "obese." *See* Center for Disease Control, *About Adult BMI*,

https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html. While Mr. Smith may face a higher risk of serious illness from COVID as a result of his obesity, the fact that his BMI is relatively low compared to others with obesity suggests that he is not subject to as significant risk of serious illness as others with higher BMIs.

Even accepting the fact that Mr. Smith's obesity places him at higher risk of serious illness from COVID-19, Mr. Smith's case includes several circumstances that likely mitigate the risk that Mr. Smith would develop serious illness if he is infected with COVID-19 again. First, Mr. Smith's medical records show that Mr. Smith was previously diagnosed with COVID-19 and was asymptomatic during the period when he was infected. (*See* ECF No. 93-3 at pp. 77, 181-84, 219.) The Tenth Circuit has recognized that "prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." *Hald*, 8 F.4th at 939 n.5. Thus, the fact that Mr. Smith has previously been diagnosed with and recovered from COVID-19 suggests that Mr. Smith is not at serious risk of contracting serious illness from COVID if his sentence is not reduced.

Similarly, while Mr. Smith has declined to receive any COVID-19 vaccinations, (ECF No. 93-3 at pp. 199, 228), his access to such vaccinations undermines his claim that extraordinary and compelling reasons exist for reducing his sentence. The Tenth Circuit recently explained, in an unpublished decision, that when defendants have access to the COVID-19 vaccine, their incarceration during the COVID-19 pandemic "does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. McRae*, Case No. 21-4092, 2022 WL 803978 at *2 (10th Cir. Mar. 17, 2022) (citing *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)). *See also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast

10

majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Mr. Smith has offered no evidence to show why he refused a COVID-19 vaccine or that he was unable to receive or benefit from the vaccine. "To allow Defendant's own choice to remain unvaccinated to constitute extraordinary and compelling reasons for release would create a 'perverse incentive' to remain unvaccinated." *United States v. Baca*, Case No. 2:16-cr-00563-DN, 2021 WL 4440486 at *2 (Sept. 28, 2021). Accordingly, the court finds that Mr. Smith's access to, but refusal to accept, the COVID-19 vaccine weighs against a finding that extraordinary and compelling reasons exist for a reduction in his sentence.

Finally, the evidence shows that Mr. Smith is not currently subject to a significant risk of exposure to the COVID-19 virus. The Bureau of Prisons reports that there are currently no active cases of COVID-19 at FCI Terminal Island, where Mr. Smith is incarcerated. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last accessed May 5, 2022). Given the currently low risk that Mr. Smith will be exposed to the COVID-19 virus, the risk that Mr. Smith will contract COVID-19 again, and experience serious illness as a result, is also relatively low. This also weighs against a finding of extraordinary and compelling reasons for reducing Mr. Smith's sentence.

In light of the above facts, the court concludes that extraordinary and compelling reasons for reducing Mr. Smith's sentence do not exist. Accordingly, Mr. Smith's motion for compassionate release must be denied.

**B.     Section 3553(a) Factors**

While the court's conclusion that extraordinary and compelling reasons for reducing Mr.

Smith's sentence do not exist is sufficient, by itself, to require denial of Mr. Smith's motion, the court concludes that Mr. Smith's motion should also be denied because the factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in Mr. Smith's sentence. As the court stated in its decision denying Mr. Smith's May 2020 motion for compassionate release:

> Defendant's offense was serious. He was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, in which the parties carefully considered the particular facts of this case. Defendant pled guilty to the § 841(a)(1) charge and agreed to a 180-month prison sentence in exchange for the government dropping four other criminal counts, including a charge of using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). In light of Defendant's previous § 942(c) [sic] conviction, the new § 924(c) charge would have carried a mandatory minimum sentence of 25 years in prison. § 924(c)(1)(C)(i). (Dkt. 70 at 1 n.1.) Given the circumstances in this case reducing Defendant's sentence . . . would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter similar criminal conduct by him or others similarly situated or inclined.

(ECF No. 78 at 8-9.) The same reasoning continues to apply in this case. Mr. Smith has served less than half of his original sentence. The factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. Smith a reduction in sentence. Accordingly, Mr. Smith's motion is denied for this reason as well.

## CONCLUSION

For the reasons stated above, the court DENIES Mr. Smith's Motion for Compassionate Release (ECF No. 80).

DATED this 5th day of May, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Court